UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMMY M.[1],

        Plaintiff,

v.                                                      1:21-CV-42 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

## DECISION AND ORDER

Plaintiff Tammy M. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 8, 10. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on October 11, 2018.[2] Tr. 97.[3] Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 37-82. Following the hearing, ALJ Lori Romeo issued a decision finding that Plaintiff was not disabled. Tr. 18-36. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I.   District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSI benefits only. SSI "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. __."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age,

4

education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since filing her application on October 11, 2018. Tr. 23. The ALJ found that Plaintiff suffered from the following severe impairments: epilepsy, obesity, anxiety disorder, depressive disorder, and cannabis use disorder. Tr. 24. The ALJ concluded that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently, and can sit, stand, and walk 6 hours in an 8-hour workday. [She] can occasionally climb stairs, occasionally stoop, kneel, crouch, and crawl. But [she] is unable to climb ladders or balance. [She] should not work near dangerous machinery, should not drive, and should avoid concentrated exposure to respiratory irritants and extremes of temperature. Furthermore, [she] is limited to performing unskilled tasks with no working with the public and only occasional contact with co-workers.

5

Tr. 26-27.[4]

The ALJ found that Plaintiff had no past relevant work. Tr. 30. The ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. Tr. 30-31. The ALJ concluded that Plaintiff had not been under a disability since her application date of October 11, 2018. Tr. 31.

## II. <u>Plaintiff's Argument</u>

Plaintiff argues that the ALJ relied on stale opinion evidence in formulating the RFC and, therefore, the RFC is not supported by substantial evidence. Dkt. No. 7 at 8-12.[5]

## III. <u>Analysis</u>

In general, a plaintiff's RFC is the most she can do despite her limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical,

---

[4] Light work involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

[5] Plaintiff does not assert that the ALJ's mental RFC was the product of legal error or unsupported by substantial evidence; therefore, only the physical RFC determination will be discussed.

6

and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity"). Additionally, the regulations direct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." *Id.* § 416.920c. The ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence. *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).

Plaintiff argues that the opinion of the consultative examiner and the administrative finding provided by the non-examining State agency medical examiner cannot constitute substantial evidence to support the RFC because subsequent evidence rendered the opinions stale. Dkt. No. 7 at 10. Plaintiff's argument fails.

The Second Circuit has not recognized "an unqualified rule that a medical opinion is superseded by additional material in the record." *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016). However, remand is warranted where more recent evidence in the record directly contradicts older reports of a plaintiff's functioning on which the ALJ relied, and the ALJ clearly failed to analyze the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 644-645 (2d Cir. 2020) (citing *Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010)). Here, the

7

more recent evidence in the record did not directly contradict the opinion and finding of the consultative sources and the ALJ analyzed all the evidence in formulating Plaintiff's RFC.

In December 2018, Dr. Hongbiago Liu, M.D. examined Plaintiff and provided a medical source statement. Tr. 447-455. Dr. Liu opined that Plaintiff had "mild to moderate limitation for prolonged walking, bending, kneeling, overhead reaching, lifting and carrying heavy weights, prolonged sitting or standing, and stair climbing." Tr. 451. He opined that Plaintiff should avoid heights, heavy machinery operation, dust, and "other" irritating factors. *Id.* The ALJ found Dr. Liu's opinion to be "generally persuasive." Tr. 30.

In February 2019, Gary Ehlert, M.D. examined the record available to him and provided an administrative finding. Tr. 106-108. He opined Plaintiff could perform the demands of light work with additional nonexertional and environmental limitations. Tr. 106-108. Upon reconsideration in March 2019, non-examining medical consultant, D. Brauer, M.D. reviewed the record and affirmed Dr. Ehlert's conclusions. Tr. 118. The ALJ found the doctors' findings "persuasive." Tr. 30.

Plaintiff argues her "impairments deteriorate[d]" after the sources provided their findings, including worsening back pain, leg swelling, numbness, and stroke. Dkt. No. 7 at 10. In support of her argument, Plaintiff cites evidence of "worsening" back pain, headaches, and leg swelling, as well as a stroke. *Id.* at 10 citing Tr. 470, 489, 499, 500, 522, 551, 638, 684. However, the additional evidence cited by

Plaintiff does not directly contradict older reports of her functioning and the ALJ thoroughly discussed the evidence in making her RFC determination.

Further, under the substantial evidence standard of review, it is not enough for Plaintiff merely to disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

The evidence cited by Plaintiff in support of her argument does not directly contradict earlier evidence in the record. Although Plaintiff continued to complain of body pain and headaches, objective observations consistently showed that Plaintiff had no greater physical functional limitations than those found by the ALJ. Plaintiff complained of back and knee pain in January 2019. Tr. 470. The provider observed that Plaintiff had no swelling, but did have tenderness over the patella. *Id.* Plaintiff was advised to lose weight, wear a knee brace, and attend physical therapy. Tr. 472. Plaintiff complained of lower extremity swelling in May 2019. Tr. 633. The provider noted "edema trace at best." *Id.* Plaintiff also displayed full strength in her lower extremities. *Id.* Plaintiff complained of headaches and upper extremity weakness; however, her provider noted no

significant strength difference in her upper extremities and no obvious abnormalities in coordination. Tr. 638. Plaintiff complained of daily headaches in March 2020. Tr. 489. At that time her physical examination was normal, and she was prescribed medication with instructions to follow-up in four to six months. Tr. 492.

Plaintiff also suffered a stroke in August 2019. Tr. 449. After her stroke, a provider noted that Plaintiff had "done very well" post-operatively, she denied recurrent stroke symptoms, medication for headaches gave her "good relief," she denied seizures or syncope, and she denied numbness, tingling, and weakness. Tr. 522. In February 2020, Plaintiff had a follow-up appointment with her neurologist. Tr. 499. She complained of numbness and tingling. Tr. 500. On examination, Plaintiff displayed full strength in all extremities and had "decreased sensation to pinprick on the right arm and leg." *Id.* Later that month, Plaintiff presented to the emergency room with complaints of left-sided numbness and headache. Tr. 685. On examination, Plaintiff displayed normal motor strength and sensory. Tr. 688. Plaintiff left against medical advice. Tr. 691. She returned to the emergency room the following day and had an MRI. Tr. 693. The MRI showed no acute stroke. *Id.* It was recommended that Plaintiff follow up with neurology. *Id.*

Although Plaintiff cites to evidence of continued complaints of chronic pain, headaches, and stroke, the evidence does not directly contradict the consultative sources' reports. *See Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 367

(W.D.N.Y. 2021) (plaintiff failed to show that his physical condition deteriorated after consultative examiner's offered their opinions).

Additionally, the ALJ thoroughly considered evidence submitted after the consultative sources provided their statements. The ALJ discussed Plaintiff's chronic pain and headaches. Tr. 24, 27-28. The ALJ also discussed Plaintiff's stroke. Tr. 24, 28. The ALJ considered treatment Plaintiff received for her impairments and objective observations made by sources who examined her. Tr. 27-29. The ALJ considered examination findings indicating unremarkable physical evaluations, full muscle strength in all extremities, normal sensation, appropriate communication, normal gait and station, and normal neurological, musculoskeletal, respiratory, and cardiovascular functioning. Tr. 28. Therefore, the ALJ considered the evidence submitted after the consultative sources provided their findings and concluded that the evidence as a whole supported an RFC for a reduced range of light work.

Plaintiff has not fulfilled her "duty to prove a more restrictive RFC" than that found by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (citing 42 U.S.C. § 423(d)(5)). Plaintiff does not point to any evidence in the record showing greater physical limitations than those already reflected in the RFC. Nor does she identify any additional limitations that should have been included. Accordingly, remand is not appropriate.

11

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 8) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 7). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   July 19, 2023
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE